IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHRISTINA WHITE,

    Plaintiff,

vs.                                                                                  CASE NO. 5:11-cv-362/RS-GRJ

GOLDCO, LLC d/b/a BURGER KING,

    Defendant.
_____ /

## ORDER

Before me are Defendant's Partial Motion to Dismiss and For More Definitive Statement (Doc. 17) and Plaintiff's Response in Opposition (Doc. 23).

Plaintiff's Second Amended Complaint (Doc. 11) alleges three causes of action: actual disability discrimination, perceived disability discrimination, and race discrimination.

First, Defendant contends that the perceived disability claim is barred because Plaintiff did not exhaust her administrative remedy for this claim. "The scope of the judicial complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970) (punctuation altered). Here, Plaintiff alleged to the Florida Commission on Human Relations ("FCHR") that she suffered discrimination from her "disability." (Doc. 17, Exhibit 1). Specifically, Plaintiff identified "the shape of [her] thumb" as part of her disability. *Id*. Plaintiff did not further

elaborate on the nature of her disability and did not specifically evoke a perceived disability claim. *Id*. FCHR's investigative memorandum focused on Plaintiff's charge that "one of the requirements of the job was to clock in and out with a thumb print, but she had trouble doing so because of her disability and shape of her thumb." (Doc. 17, Exhibit 1). The FCHR did not investigate any other disability. Plaintiff has a valid cause of action for perceived disability discrimination to the extent that the Second Amended Complaint alleges discrimination which is "like or related to" that investigated by the FCHR. *Larkin v. Pullman-Standard Div., Pullman,* 854 F.2d 1549, 1565 (11th Cir. 1988) (*citing Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 928 (11th Cir. 1983); *Sanchez*, 431 F.2d at 466.).

Defendant next asserts that the disability discrimination claim is implausible. Plaintiff's allegations that she has rheumatoid arthritis, a rotary cuff condition, and a permanently crippled hand are sufficient, at this stage, to state a claim. (Doc. 11, ¶7).

Finally, Defendant contends that the sex discrimination claim is unnecessarily vague. Defendant cannot ascertain what combination of claims -- disparate treatment and/or constructive discharge--Plaintiff seeks to recover. Plaintiff can make this clearer. Likewise Plaintiff can allege more clearly the exact nature of her disability. This will allow the Defendant and the Court to have a reasonable understanding of the claims she intends to make.

**IT IS ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 17) is **DENIED**.
2. Defendant's Motion for a More Definitive Statement (Doc. 17) is **GRANTED**.

3. Plaintiff shall, not later than March 1, 2012, amend her complaint so that it (a) specifically identifies the exact nature of her disability, and (b) identifies the exact nature of her theories of recovery along with the legal basis, supporting facts, and relief sought for each claim.

**ORDERED** on February 17, 2012.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**